Jack Silver, Esq. SB #160575
Email: Jsilverenvironmental@gmail.com
LAW OFFICE OF JACK SILVER
708 Gravenstein Hwy No. # 407
Sebastopol, CA 95472
Tel. (707) 528-8175

David J. Weinsoff, Esq. SB #141372
Email: david@weinsofflaw.com
LAW OFFICE OF DAVID J. WEINSOFF
138 Ridgeway Avenue
Fairfax, CA 94930
Tel. (415) 460-9760

Attorneys for Plaintiff
CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH, an IRC § 501(c)(3), non-profit, public benefit corporation,<br><br>              Plaintiff,<br>   v.<br><br>DAGGETT COMMUNITY SERVICES DISTRICT,<br>              Defendant. | CASE NO: 5:24-cv-00727<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, AND DECLARATORY RELIEF**<br>**(Environmental – Safe Drinking Water Act, 42 U.S.C. § 300f *et seq.*)** |

NOW COMES Plaintiff, CALIFORNIA RIVER WATCH ("RIVER WATCH") by and through its attorneys, and for its Complaint against Defendant DAGGETT COMMUNITY SERVICES DISTRICT, ("the DISTRICT") states as follows:

**I.  INTRODUCTION**

1.  This action is a citizens' suit for relief brought by RIVER WATCH under the Federal Safe Drinking Water Act ("SWDA"), 42 U.S.C. §300f *et seq.*, specifically SWDA §1449, 42 U.S.C. §300j-8, to prevent the DISTRICT from repeated and ongoing violations of requirements prescribed by or

under the SDWA for non-compliance with maximum contaminant levels ("MCLs") issued under SDWA §300g-1, 42 U.S.C. §1412 and the California Code of Federal Regulations, as detailed in the DISTRICT's *2022 Consumer Confidence Report*. These violations are detailed in the September 11, 2023 Notice of Violations and Intent to File Suit ("SDWA Notice") made part of these pleadings and attached hereto as **EXHIBIT A**.

2.  RIVER WATCH alleges the DISTRICT illegally fails to ensure that its public community water system, specifically Ground Water Well No. 7 located at Daggett-Yermo Road, regulated under California Water System No. CA3600086 issued by the California State Water Resources Control Board, does not exceed the Maximum Contaminant Level ("MCL") established by the U.S. Environmental Protection Agency ("EPA") for gross alpha, uranium, and arsenic, as detailed in the SWDA Notice.

3.  RIVER WATCH seeks declaratory relief, injunctive relief to prohibit future violations, the imposition of civil penalties, and other relief for the DISTRICT's violations as set forth in this Complaint.

**II.    PARTIES TO THE ACTION**

4.  RIVER WATCH is, and at all times relevant to this Complaint was, an Internal Revenue Service §501(c)(3) nonprofit, public benefit corporation duly organized under the laws of the State of California, with headquarters and main office located in Sebastopol, California, and a mailing address of 290 S. Main Street, # 817, Sebastopol, California 95472. RIVER WATCH is dedicated to protecting, enhancing and helping to restore the groundwater and surface water environs of California including, but not limited to, its rivers, creeks, streams, wetlands, vernal pools, aquifers, and associated environs, and to educating the public concerning environmental issues associated with these environs. Members of RIVER WATCH reside in or regularly visit southern California including the Town of Daggett where the facilities under the DISTRICT's operation and/or control which are the subject of this Complaint are located. Said members are affected by the DISTRICT's illegal actions as alleged herein. Said members have environmental and personal health and safety interests in said drinking water which are or may be adversely affected by the DISTRICT's violations as alleged herein.

Furthermore, the relief sought will redress the injury in fact, likelihood of future injury and interference with the interests of said members.

5. RIVER WATCH is informed and believes, and on such information and belief alleges, that the DISTRICT, with headquarters located at 33703 Second Street in Daggett, is now, and at all times relevant to this Complaint was, a "supplier of water" as defined by 42 U.S.C. § 300f(5) and 40 C.F.R. § 121.2. At all times relevant hereto, the DISTRICT owned and operated a "public water system," as defined by 42 U.S.C. § 300f(4) and 40 C.F.R. § 141.2 and permitted by the California State Water Resources Control Board.

### III. JURISDICTIONAL ALLEGATIONS

6. Subject matter jurisdiction is conferred upon this Court by SDWA §1449(a), 42 §300j-8(a), which states in part,

> "any person may commence a civil action on his own behalf against any person . . . .who is alleged to be in violation of any requirement prescribed by or under [SDWA] ...' The United States district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce in an action brought under [SWDA] any requirement prescribed by or under [SWDA] ..."

For purposes of SDWA §1449(a), "the term 'person' means an individual, corporation, association ..." under SDWA §1401(12), 42 U.S.C. §300f(12).

7. All violations and activities complained of in this Complaint occur at the public water system(s) owned and operated by the DISTRICT.

8. Members and supporters of RIVER WATCH reside in or regularly visit the Town of Daggett. The health interests of RIVER WATCH and its members may be, have been, are being, and will continue to be adversely affected by the DISTRICT's unlawful violations as alleged herein. RIVER WATCH contends there exists an injury in fact to its members, causation of that injury by the DISTRICT's complained of conduct, and a likelihood that the requested relief will redress that injury.

9. Pursuant to SWDA §1449(b), 42 U.S.C. §300j-8(b), RIVER WATCH gave notice of the violations alleged in this Complaint more than sixty days prior to commencement of this action to: (a)

the DISTRICT, (b) the United States EPA, Federal and Regional, (c) the State of California State Water Resources Control Board, and (d) the State of California Department of Justice.

## IV. STATUTORY AND REGULATORY BACKGROUND

10.  SDWA, 42 U.S.C. §§300f to 300j-26, was enacted in 1974 to "assure that water supply systems serving the public meet minimum national standards for protection of public health." Safe Drinking Water Act, Legislative History, H.R. Rep. No. 93-1185 (1974), reprinted at 1974 U.S.C.C.A.N. 6454. The Act authorizes the EPA to "establish federal standards applicable to public water supplies from harmful contaminants, and establish a joint federal-state system for assuring compliance with these standards and for protecting underground sources of drinking water." *Id.* at 6454-55.

11.  SDWA Section 1412(b)(1)(A) requires the EPA to identify contaminants in public water supply systems that may have an adverse human health effect and for which regulation would present a "meaningful opportunity" for reduction of that health risk. 42 U.S.C. §300g-1(b)(1)(A). For each of the contaminants identified under SWDA §1412(b)(1), Section 1412(b)(1)(E) requires the EPA to establish maximum contaminant level goals ("MCLGs") as well as MCLs. 42 U.S.C. §300g-1(b)(1)(E). A violation of the SDWA occurs when testing/monitoring indicates that the level of a contaminant in treated water exceeds the MCL.

12.  The EPA established an MCL for gross alpha at 15 pCi/L, for uranium at 20 μg/L, and for arsenic at 0.010 ppm (*see* 41 C.F.R. § 141).

## V. VIOLATIONS

13.  RIVER WATCH alleges that between January 1, 2022 and December 31, 2022, the DISTRICT violated the SDWA and the Code of Federal Regulations by failing to ensure the drinking water supplied to its customers met and continues to meet the standards required by law including, but not limited to, exceeding the MCL for gross alpha, uranium, arsenic and inadequate compliance with monitoring requirements obligating the supplier to confirm water quality at the point of delivery.

14.  The violations listed below are derived from records publicly available, or records in the possession and control of the District. Monitoring dates and reported exceedances were taken from the District's *Consumer Confidence Report*, reported July 1, 2023.

**WELL NO. 7 - DAGGETT COMMUNITY SERVICES DISTRICT WATER SYSTEM**

**MCL – Gross Alpha – 15 pCi/L**

2022 Sample Date

Reported Exceedance of 30.75 pCi/L

**MCL – Uranium – 20 µg/L**

2022 Sample Date

Reported Exceedance of 39 µg/L

**MCL - Arsenic 0.010 ppm**

2022 Sample Date

Reported Exceedance of 0.0126 ppm.

15. Although drinking water suppliers tend to sample water quality from a central location, such as directly after treatment, the water supplier is responsible for water quality either at the point of use or point of delivery. There is no evidence in the public record that the District has ever assured its water quality at point of use or point of delivery.

## VI.  CLAIM FOR RELIEF

**Violation of 42 U.S.C. §300g-1, 40 C.F.R. Part 141 – Exceeding the MCL for Gross Alpha, Uranium, Arsenic**

16. RIVER WATCH realleges and incorporates by reference the allegations of Paragraphs 1 through 15 above as though fully set forth herein, including all allegations in the SDWA Notice. RIVER WATCH is informed and believes, and on such information and belief, alleges as follows:

17. The DISTRICT has violated and continues to violate the MCL for gross alpha, uranium, and arsenic as evidenced by the list of reported violations it has provided to the California State Water Resources Control Board and identified in the DISTRICT's *Consumer Confidence Report*, reported July 1, 2023.

18. The violations of the DISTRICT as alleged in this Complaint are ongoing and will continue after the filing of this Complaint. RIVER WATCH alleges herein all violations which may have occurred or will occur prior to trial, but for which data may not have been available or submitted or apparent from the face of the reports or data submitted by the DISTRICT to the California State Water

Resources Control Board prior to the filing of this Complaint. RIVER WATCH will amend this Complaint if necessary to address the DISTRICT's Federal violations which may occur after the filing of this Complaint. Each of the DISTRICT's violations is a separate violation of the SDWA.

19. RIVER WATCH alleges that without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, the DISTRICT will continue to violate the SDWA as well as Federal standards with respect to the enumerated discharges and releases alleged herein. Further, that the relief requested in this Complaint will redress the injury to RIVER WATCH and its members, prevent future injury, and protect the interests of its members which are or may be adversely affected by the DISTRICT's violations of the SDWA.

20. RIVER WATCH alleges that continuing violations of the SDWA by the DISTRICT Well No. 7 will irreparably harm RIVER WATCH and its members, for which harm RIVER WATCH and its members have no plain, speedy or adequate remedy at law.

## VII. RELIEF REQUESTED

Wherefore, RIVER WATCH prays that the Court grant the following relief:

21. Declare the DISTRICT to have violated and to be in violation of the SDWA;

22. Issue an injunction ordering the DISTRICT to immediately operate its public community water system in compliance with the SDWA;

23. Order the DISTRICT to provide public notification by mail and through newspapers of general circulation within two (2) days of receipt of a laboratory report identifying a violation of an MCL to parents/guardians of children, pregnant women, the elderly, and the infirm (among other at-risk individuals from gross alpha, uranium and arsenic in drinking water);

24. Order the DISTRICT to fund a Supplemental Environmental Project providing potable drinking water to parents/guardians of children, pregnant women, the elderly, and the infirm (among other at-risk individuals from gross alpha, uranium and arsenic in drinking water) whose doctors provide a written request to the DISTRICT;

25. Order the DISTRICT to pay civil penalties per violation/per day for its violations of the SDWA;

26. Order the DISTRICT to pay RIVER WATCH's reasonable attorneys' fees and costs (including

expert witness fees); and,

27.     Grant such other and further relief as may be just and proper.

DATED:  April 8, 2024                    LAW OFFICE OF JACK SILVER

                                         By:      /s/ Jack Silver
                                                  Jack Silver

                                         LAW OFFICE OF DAVID WEINSOFF

                                         By:      /s/ David J. Weinsoff
                                                  David J. Weinsoff

                                         Attorneys for Plaintiff
                                         CALIFORNIA RIVER WATCH

---

Complaint for Injunctive Relief, Civil Penalties, and
Declaratory Relief                                          7